## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**TOVA LOUIE, individually and as**
**Personal Representative of the**
**ESTATE OF AHUVA SAGHI,** *et al.*,

　　　　　*Plaintiffs*,

　　v.　　　　　　　　　　　　　　　　　　**Civil No.: 1:25-cv-03649-JRR**

**ICE CREAM HOUSE, LLC,** *et al.*,

　　　　　*Defendants*.

### MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion for Remand.  (ECF No. 17, the "Motion.") The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).

### I.　　Background

Plaintiffs[1] Tova Louie, individually and as Personal Representative of the Estate of Ahuva Saghi, and Michael Saghi filed suit in the Circuit Court for Baltimore County, Maryland, on April 2, 2025.  (ECF No. 1-4 at p. 8.)[2]  This action arises from the tragic circumstances surrounding the death of Ahuva Saghi, the child of Plaintiffs Louie and Saghi.  Ahuva Saghi died at just over three months old after suffering a listeria infection that Plaintiff Louie had contracted and passed to her in utero.[3]  (ECF No. 5 ¶¶ 26–27.)  Plaintiff Louie alleges that she contracted the listeria infection from consuming a portion of Klein's Real Kosher Vanilla Fudge Ice Cream that she purchased from Seven Mile Food Market, LLC ("Seven Mile Market").  *Id.* ¶¶ 18, 28.

---

[1] At the time the state court action was initiated, Plaintiff Tova Louie was the sole Plaintiff.  (ECF No. 1-4 at pp. 33–34.)

[2] References to this document refer to the internal CM/ECF pagination.

[3] Defendants repeatedly mistake Ahuva Saghi's age at the time of her death.  (ECF No. 1 ¶ 3; ECF No. 18 at p. 1.)

The initial complaint filed in state court named multiple defendants, including, relevant here, Seven Mile Market. (ECF No. 1-4 at pp. 33.) Following amendment (that did not alter the named Defendants), the now-operative Second Amended Complaint, names as Defendants Ice Cream House, LLC, and its co-owner and Chief Executive Officer Avigdor Klein, Real Kosher Ice Cream, Inc., and its owner and Chief Executive Officer Daniel Klein, Leiby's Dairy, Inc., and Seven Mile Market. (ECF No. 5 ¶¶ 4–11.) All Defendants except Seven Mile Market are "in the business of manufacturing, distributing, and selling kosher ice cream on both a wholesale and retail basis, for consumption by the public," including the Klein's Real Kosher Vanilla Fudge Ice Cream at issue. *Id.* ¶¶ 12, 17. All Defendants except Seven Mile Market are foreign corporations or individuals for purposes of diversity jurisdiction. *Id.* ¶¶ 4–11. In contrast, Seven Mile Market is a Maryland limited liability corporation. *Id.* ¶ 11. Plaintiffs assert survival actions of the Estate of Ahuva Saghi (Counts I–III) and wrongful death actions individually (Counts IV–VI).[4] *Id.* ¶¶ 30–74. All Defendants except Leiby's Dairy, Inc., and Seven Mile Market filed cross claims for indemnification and contribution against Leiby's Dairy, Inc., and Seven Mile Market.[5, 6] (ECF Nos. 9, 11.)

Of import here, on September 22, 2025, in the midst of written discovery, Seven Mile Market moved for summary judgment. (ECF No. 1-4 at p. 22; ECF No. 17-4.) While Plaintiffs initially requested an extension of time to respond to the motion, they ultimately failed to file a timely opposition. (ECF No. 1-4 at p. 23.) The state court then summarily granted the summary

---

[4] Plaintiffs' Second Amended Complaint appears to identify Count VI with a typographical error.

[5] Notwithstanding seemingly live cross claims against Seven Mile Market, Defendants curiously failed to identify Seven Mile Market as a Cross-Defendant when it removed this action and populated the parties on the docket. It is not clear to the court if Defendants contend their cross claims against Seven Mile Market are no longer live in view of the state court's grant of summary judgment as to Seven Mile Market, *see* ECF No. 18 at pp.3–4, but that appears factually and procedurally unsupported by the record where Seven Mile Market's motion for summary judgment sought summary judgment solely "with respect to Plaintiffs' Second Amended Complaint." (ECF No. 17-4 at p. 1.)

[6] Seven Mile Market also filed a cross claim for contribution and indemnification against Ice Cream House, LLC, Avigdor Klein, Real Kosher Ice Cream, Inc., Daniel Klein and Leiby's Dairy, Inc. (ECF No. 4-52.)

judgment motion, providing: "[Seven Mile Market] has established that all elements of the Maryland Retailers Product Liability 'Sealed Container Defense' have been met. There are no genuine issues of material fact and [Seven Mile Market] is entitled to judgment as a matter of law,"[7] citing Sections 5-405(b) and (d)(1) of the Courts and Judicial Proceedings ("CJP") article of the Maryland Code.  (ECF No. 1-3; ECF No. 18-1.)  The state court thus entered judgment on Plaintiff's claims for Seven Mile Market on October 29, 2025.  *Id.*  On November 6, 2025, Defendants Real Kosher Ice Cream, Inc., Ice Cream House, LLC, Avigdor Klein, Daniel Klein, and Leiby's Dairy, Inc., removed the action to this court, contending that diversity jurisdiction was obtained through Plaintiffs' voluntarily dismissal of Seven Mile Market or, alternatively, because Plaintiffs fraudulently joined Seven Mile Market to defeat diversity jurisdiction.  (ECF No. 1 ¶¶ 22–27.)  On December 4, 2025, Plaintiffs filed the instant Motion to remand this action to the Circuit Court for Baltimore County.  (ECF No. 17.)

## II.    Legal Standard

Under 28 U.S.C. § 1441(a), a party may remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)).  Removal jurisdiction raises "significant federalism concerns," *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*,

---

[7] This language was provided in Seven Mile Market's proposed order attached to its motion for summary judgment. (ECF No. 17-4 at p. 7.)

950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted). "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

Relevant here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Further, where, as here, the basis for federal jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332, a case may not be removed more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1).

## III.    Analysis

Plaintiffs contend removal was improper because Seven Mile Market was neither fraudulent joined nor voluntary dismissed.[8] (ECF No. 17-1 at pp. 5–7.)

"Diversity must be established at the time of removal." *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). Accordingly, where complete diversity exists among the parties and the amount in controversy exceeds $75,000, "it would seem that [a d]efendant timely and properly filed notice of removal." *Riverdale Baptist Church v. Certainteed Corp.*, 349

---

[8] Because the court agrees removal was improper on this basis, it does not reach Plaintiffs' remaining argument that there is not complete diversity here because Seven Mile Market continues as a Cross-Defendant to Defendants/Cross-Plaintiffs' claims. The court notes that despite claiming "complete diversity" does not exist because Seven Mile Market continues as a Cross-Defendant, no argument or supportive legal authority was provided to show how that defeats diversity.

F. Supp. 2d 943, 945 (D. Md. 2004). "When, however, the dismissal of all non-diverse defendants results from something other than the voluntary action of the plaintiff, a federal court cannot exercise diversity jurisdiction under the so-called 'voluntary-involuntary rule,' and removal is not proper."[9] *Id.* (quoting *Grubb v. Donegal Mut. Ins. Co.,* 935 F.2d 57, 60 (4th Cir. 1991)). As the Fourth Circuit has explained:

> If the plaintiff voluntarily dismissed the state action against the non-diverse defendant, creating complete diversity, the state action may be removed because there is no risk that diversity will be destroyed later on. The voluntary act has demonstrated the plaintiff's desire not to pursue the case against the non-diverse party. However, this is not the situation if the non-diverse party has been involuntarily dismissed by order of the state judge. The plaintiff may choose to appeal the dismissal. Although complete diversity may temporarily exist between the parties, suggesting that removal is proper, diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party. Therefore, some cases are not removable despite complete diversity between the parties.

*Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

Courts in this circuit continue to apply the voluntary-involuntary distinction. *See Blue Ridge Paper Prods. LLC v. Indus. Servs. Grp., Inc.*, No. 1:22-CV-00144-MR-WCM, 2023 WL 3034599, at *4 (W.D.N.C. Apr. 21, 2023) (noting that, based on *Higgins*, "courts in this Circuit continue to apply the voluntary-involuntary distinction"); *Cox-Stewart v. Best Buy Stores, L.P.*, 295 F. Supp. 2d 566, 568 (D. Md. 2003) (noting "[t]he trend among federal courts 'appears to retain the distinction' between the involuntary dismissal and voluntary dismissal of nondiverse parties, with regard to the propriety of removal") (citation omitted). The fraudulent joinder

---

[9] To be clear, the Fourth Circuit has clarified that whether a case was improperly removed pursuant to the voluntary-involuntary rule is distinct from the question of whether federal jurisdiction exists. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see Blue Ridge Paper Prods. LLC v. Indus. Servs. Grp., Inc.*, No. 1:22-CV-00144-MR-WCM, 2023 WL 3034599, at *4 (W.D.N.C. Apr. 21, 2023) (discussing same).

doctrine is an exception to the voluntary-involuntary rule. *Mayes v. Rapoport*, 198 F.3d 457, 461 n.9 (4th Cir. 1999).

Defendants urge that the state court's entry of judgment for Seven Mile Market on its unopposed motion for summary judgment should be treated as Plaintiffs' voluntary dismissal of the action as against Seven Mile Market. The court disagrees. Entry of summary judgment (whether opposed or unopposed) is procedurally and substantively distinct from a plaintiff's voluntary dismissal of a defendant. First, the former results in entry of judgment; the latter simply closes the matter as to that defendant absent judgment for either party. Second, entry of summary judgment is subject to appeal, even where the losing party failed to respond to the dispositive motion; appellate courts are obliged to review entry of judgment for clear legal error, an exception to the general rule regarding record preservation. Third, in Maryland state court, where a defendant has answered the operative pleading as Seven Mile Market did here on June 25, 2025 (ECF No. 4-6), a plaintiff requires consent (in the form of a stipulation signed by the dismissed party) or leave of court to dismiss the action against the defendant movant. MD. RULE 2-506(a), (c). Fourth, that a party's non-response to a motion may operate as a concession to arguments asserted therein is not equivalent to a consent motion; indeed, even in the absence of a response to a motion for summary judgment, the court must undertake an analysis to determine whether there exists a genuine dispute of material fact and whether the movant is entitled to judgment as a matter of law. *See, e.g.*, *Thompson v. Baltimore County,* 169 Md. App. 241 (2006) (holding that failure to file response to motion for summary judgment did not authorize the grant of summary judgment without consideration of whether there was a dispute of material fact). *Cf.* FED. R. CIV. P. 56, Committee Notes on Rules—2010 Amendment (providing that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . .") Courts do

6

not, and may not, simply enter judgment when requested merely because a dispositive motion has gone unanswered.

In sum, the court discerns no basis upon which to conclude that Plaintiffs' failure to respond to Seven Mile Market's motion for summary judgment constitutes a voluntary dismissal under the voluntary-involuntary rule. And there is no question the rule applies to circumstances involving summary judgment disposition. *See, e.g.*, *Riverdale Baptist Church*, 349 F. Supp. 2d at 945 (remanding based on operation of the voluntary-involuntary rule where defendant removed the action after the state court granted the nondiverse party's motion for summary judgment). Further, while not directly on point, another district court in this Circuit has found that inaction on the part of a plaintiff does not equate to a voluntary act for purposes of this rule. *See, e.g.*, *Felton v. CSX Transportation, Inc.*, No. 5:23-CV-00547, 2024 WL 2963810, at *4 (S.D.W. Va. June 12, 2024) (finding plaintiff's failure to perfect service of a defendant, resulting in that defendant's involuntary dismissal without prejudice, constituted involuntarily dismissal under voluntary-involuntary rule).

Moreover, as suggested above, Defendants are incorrect that an appellate court may not reverse circuit court entry of summary judgment on an unopposed Rule 2-501 motion. *See, e.g.*, *Thompson*, 169 Md. at 247 (holding that an appellate court may reverse a decision on an unopposed motion for summary judgment); *Paterakis v. Paterakis*, No. 3066, Sept.term,2018, 2020 WL 4882475, at *16 n.13 (Md. Ct. Spec. App. Aug. 20, 2020) (referencing *Thompson*). Similarly, Defendants assert that it is "questionable" that, in the absence of removal, Plaintiffs (as they suggest) would have filed a motion for reconsideration or notice of appeal. But that is beside the point. Whether Plaintiffs would have sought trial court reconsideration or appellate review of the

entry of judgment on the merits has nothing to do with whether entry of summary judgment on an unopposed motion is the effective equivalent of voluntary dismissal.

The court thus finds that Plaintiffs did not voluntarily act to dismiss Seven Mile Market from the state court action in demonstration of their "desire not to pursue the case against the non-diverse party." *See Higgins*, 863 F.2d at 1166, *supra*. Accordingly, the court turns to Defendants' alternative argument as to fraudulent joinder, an exception to the voluntary-involuntary rule.

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (footnote omitted). "The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder." *Boggs v. 3M Co.*, No. 2:20-CV-00121, 2020 WL 762859, at *2 (S.D.W. Va. Feb. 14, 2020); *see Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (recognizing "[t]he party alleging fraudulent joinder bears a heavy burden"). "In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes*, 198 F.3d at 464 (emphasis in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)); *see Skidmore v. Schinke*, — F.4th — , No. 25-1436, 2026 WL 860093, at *1 (4th Cir. Mar. 30, 2026) (recognizing same). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Hartley*, 187 F.3d at 424. "[A]ll legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists." *Id.* at 425.

Defendants do not assert "outright fraud" in Plaintiffs' pleadings; instead, Defendants rely on the first prong of the fraudulent joinder analysis—arguing that Plaintiffs' failure to oppose

Seven Mile Market's motion for summary judgment "makes clear that 'there [was] no real intention' to pursue a claim against [Seven Mile Market]." (ECF No. 18 at pp. 5–6.) While Plaintiffs' actions (and inactions) may raise questions as to their choices in prosecuting this action, the court is not persuaded that "there is *no possibility* that the plaintiff would be able to establish a cause of action against [Seven Mile Market] in state court." *See Mayes*, 198 F.3d at 464, *supra*. To the contrary, as Plaintiffs note, Seven Mile Market was "the last known entity in the stream of commerce that delivered the alleged contaminated product to Plaintiff Louie." (ECF No. 17-1 at p. 6.) Further, Seven Mile Market's motion for summary judgment was based on its asserted sealed container defense under CJP § 5-405(b) and information obtained during discovery. As Defendants correctly note, there are exceptions to this defense. Importantly, Defendants' crossclaims against Seven Mile Market and Leiby's Dairy claiming they are "responsible for any and all damages to Plaintiffs," (ECF No. 9 ¶ 4; ECF No. 11 ¶ 4), render rather dubious Defendants' contention here that there is no possibility Plaintiffs could have a cause of action against Seven Mile Market. In sum, Defendants fail to meet their high burden of showing that Plaintiffs fraudulently joined Seven Mile Market as a Defendant to defeat diversity.

The court thus finds the voluntary-involuntary rule applies, and the fraudulent joinder exception does not apply here. This is especially so where all doubts as to removal are to be resolved in favor of remand. The court will therefore remand this action. *See, e.g.*, *Felton*, 2024 WL 2963810, at *4 (remanding upon conclusion that involuntary dismissal of nondiverse party barred removal under voluntary-involuntary rule); *Blue Ridge Paper Prods.*, 2023 WL 3034599, at *6 (remanding upon conclusion that voluntary-involuntary rule barred removal and no exceptions applied).

**IV.      Conclusion and Order**

For the foregoing reasons, it is this 2nd day of April 2026,

**ORDERED** that the Motion for Remand (ECF No. 17) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that this action is **REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case.

/S/

_____
Julie R. Rubin
United States District Judge